UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| In re:<br><br>KYLE E. EMERY,<br><br>     Debtor. | Chapter 13<br>Case No. 18-10505-BAH |
| --- | --- |

### STIPULATION

NOW COME the parties, through their respective undersigned counsel, and request that this Honorable Court enter the following stipulation as an order of the Court.

### STATEMENT OF MATERIAL FACTS

1.      Kyle E. Emery (the "**Debtor**") is an individual who asserts an ownership interest in the real property known as and numbered 124 Fiddlehead Lane, Chester, New Hampshire, 03036 (the "**Property**").

2.      U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust as serviced by BSI Financial Services ("**U.S. Bank Trust**") has a principal place of business located at 7114 E. Stetson Drive, Suite 250, Scottsdale, Arizona.

3.      On March 4, 2004, the Debtor executed and delivered to First Magnus Financial Corporation (the "**Lender**") a note in the original amount of $241,000.00 (the "**Note**").  Simultaneously therewith, as security for the obligations under the Note, the Debtor and non-filing co-debtor Loren C. Emery (the "**Codebtor**") executed and delivered to the Lender a mortgage (the "**Mortgage**") on the Property.

4.      U.S. Bank Trust is the assignee of the Mortgage.

### The Bankruptcy

5. On or about April 16, 2018, the Debtor filed a Chapter 13 petition, commencing the above-captioned case.

6. On May 10, 2018, the Debtor filed a Chapter 13 plan providing for the cure of prepetition arrears and maintenance of ongoing post-petition payments owed pursuant to the Note and Mortgage.

7. On August 27, 2019, U.S. Bank Trust filed its motion for relief from stay regarding the Note, Mortgage and Property, alleging post-petition arrears owed as the grounds for relief from stay (the "**Motion for Relief**").  Doc. No. 46.

8. On September 18, 2019, the Debtor filed an opposition to the Motion for Relief.  Doc. No. 49.

WHEREAS, the parties hereto desire to resolve all differences between them, the parties STIPULATE and AGREE as follows:

A. The Debtor acknowledges and agrees that the monthly payment amount under the Note and Mortgage as of August 1, 2019 was $1,914.33.  The Debtor also acknowledges and agrees that he is currently delinquent on his post-petition payments under the Note and Mortgage and, therefore, there exists good cause to grant U.S. Bank Trust relief from the automatic stay regarding the Property.

B. The Parties acknowledge that Debtor has recently sent in one payment of certified funds in the amount of $1,915.00 (which has been received and pending application to the account) and that his counsel is in possession of another payment of certified funds in the amount of $1,914.33, which shall be sent to U.S. Bank upon execution of this agreement.  Paragraphs C and D below takes this into consideration as if these amounts have been applied to the account.

2

C. The Debtor agrees to pay $2,754.26 (the "**Post-Petition Amount**") to U.S. Bank comprised of the following:

1. $1,914.33 in monthly mortgage payments for November 1, 2019; and

2. $1,031.00 that U.S. Bank Trust has incurred in legal fees and costs in filing and prosecuting the Motion for Relief; less

3. $191.07 that U.S. Bank Trust is holding as a post-petition credit.

D. The parties agree to the following:

1. The Debtor shall pay the regular monthly mortgage payments on the Property as they become due, beginning with the December 1, 2019 payment through the stipulation period; and

2. In addition to the regular monthly mortgage payments on the Property, the Debtor shall make the following payments in certified funds to U.S. Bank Trust that will be applied to the Post-Petition Amount:

   a. $459.06 on or before December 15, 2019;
   b. $459.04 on or before January 15, 2019;
   c. $459.04 on or before February 15, 2020;
   d. $459.04 on or before March 15, 2020;
   e. $459.04 on or before April 15, 2020; and
   f. $459.04 on or before May 15, 2020.

3. Should the Debtor fail to make the payments in the amounts and by the deadlines described in Paragraph D(1) or D(2) above during the time period ending May 15, 2020, then U.S. Bank Trust (or its successors-in-interest, if any) may file an Affidavit of Noncompliance (the "**Affidavit**") that will request, among other things, that this Court grant U.S. Bank Trust relief from the automatic stay and, upon Court approval of the Affidavit and the granting of relief from stay, U.S. Bank Trust may pursue its rights and remedies pursuant to the Note and Mortgage without further hearing, including but not limited to pursuing its right to foreclose the Mortgage and to pursue summary process proceedings.

4.  The Debtor further acknowledges that, in the event of a default under the terms of this stipulation, U.S. Bank Trust will file the Affidavit, and that doing so will incur additional legal fees for which the Debtor will be responsible and which will be added to the total post-petition cure amount that the Debtor must pay to avoid entry of an Order granting relief from the automatic stay.

5.  All payments shall be made to the payment address provided on the Claims Register, and will clearly state the loan number on the payment.

E.  By entering into this Stipulation, U.S. Bank Trust in no way waives or forfeits its rights to collect any pre-petition or post-petition arrears under applicable law, and in no way alters the terms, conditions, or its rights under the Note and Mortgage.

| | |
|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CABANA SERIES III TRUST AS SERVICED BY BSI FINANCIAL SERVICES,<br><br>By its attorneys,<br><br>SASSOON & CYMROT, LLP,<br><br>/s/ Michael E. Swain, Esq.<br>Michael E. Swain, Esq. (BNH07667)<br>84 State Street<br>Boston, MA 02109<br>(617) 720-0099<br>MSwain@SassoonCymrot.com | KYLE EDWARD EMERY,<br><br><br>By her attorney,<br><br><br>/s/ Kathleen E. McKenzie, Esq.<br>Kathleen E. McKenzie, Esq.<br>81 S. State Street<br>Concord, NH 03301 |

DATE:  November 4, 2019